## Day v. Commonwealth.

(Decided October 1, 1926.)

## Appeal from Lee Circuit Court.

1.  Intoxicating Liquors.—Evidence held insufficient to sustain conviction for possessing intoxicating liquors.
2.  Criminal Law.—Courts must set aside verdicts that are not sustained by evidence.

S. P. STAMPER for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—Reversing.

Appellant, Bob Day, upon his trial on an indictment in the Lee circuit court was convicted of the offense of unlawfully possessing intoxicating liquors. His motion for a new trial was overruled, and on this appeal he seeks a reversal of the judgment solely upon the ground that the verdict was not sustained by the evidence, and which we think is correct.

But two witnesses testified; one for the Commonwealth and the defendant himself, and they relate substantially the same story. The two were in the woods together on premises neither owned nor controlled by defendant, and they saw freshly piled leaves around and against a fallen tree. Defendant suggested that he had a day or so prior thereto found some whiskey near there and they commenced to search to see if they could find any and stirred up the leaves, but their efforts were fruitless. It was growing late in the afternoon and some few hundred yards from that spot, around the side of the hill, the prosecuting witness discovered a half gallon fruit jar sitting under a holly bush. He went to it and learned that it contained whiskey and proceeded to take a drink when some third person nearby whistled and it frightened both defendant and the prosecuting witness and the latter dropped the jar and the two ran away. That, in substance, was all the testimony for the Commonwealth.

Defendant admitted all of its material parts and stated that he had nothing to do with the whiskey that the prosecuting witness found and that the premises on

which it was discovered neither' belonged to, nor were they in the possession of him, but that he had heard that some whiskey was hidden on that particular mountainside.  It was some considerable distance from defendant's residence, and while it might possibly be true that defendant owned the whiskey, yet the only basis for that conclusion is a mere surmise.   There should be some evidence in such cases justifying the reasonable conclusion that the person charged was in fact guilty and resorted to the particular subterfuge to conceal it.   In such a case the jury and the court are authorized to disbelieve the facts testified to for the purpose of producing the concealment; but where no such facts exist and the story told is not unreasonably improbable the Commonwealth has no right to insist on a conviction, nor the jury the right to return one.   It is not only the right but the duty of courts to set aside verdicts that are not sustained by the evidence, which is a rule of practice thoroughly established and followed by all courts, including this one, and unless this is a case coming within that rule it would be difficult to imagine one.

Wherefore, the judgment is reversed, with directions to set aside the verdict and grant the new trial, and for proceedings consistent with this opinion.